IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG A. S.,[1]                           3:20-cv-00619-BR

      Plaintiff,                  OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.


**KEVIN KERR**
Kerr, Robichaux & Carroll
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

      Attorneys for Plaintiff

**SCOTT ERIK ASPHAUG**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SHATA L. STUCKY**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2909

  Attorneys for Defendant

**BROWN, Senior Judge.**

  Plaintiff Greg A. S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

  The Commissioner has filed a Brief (#18) and Motion for Remand in which he asks the Court to remand this matter for further administrative proceedings.  In his Reply Brief (#19) Plaintiff asks the Court to remand this matter for the immediate calculation and payment of benefits.

  For the reasons that follow, the Court **REVERSES** the decision of the Commissioner denying Plaintiff's benefits and **GRANTS** the Commissioner's Motion (#8) to Remand this matter for further administrative proceedings pursuant to sentence four of

2 - OPINION AND ORDER

42 U.S.C. § 405(g).

## ADMINISTRATIVE HISTORY

On February 24, 2017,[2] Plaintiff protectively filed his application for SSI benefits. Tr. 13, 154.[3] Plaintiff originally alleged a disability onset date of June 30, 2012. Tr. 13, 154. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 24, 2019. Tr. 27-52. At the hearing Plaintiff amended his alleged disability onset date to February 24, 2017. Tr. 13, 30-31. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

---

[2] The ALJ stated April 4, 2017, was the protective filing date. Tr. 13. Plaintiff, however, contends he filed his application for benefits on February 24, 2017 (Tr. 152), and that his claim is not subject to the new regulations for evaluation of medical opinions. Later in his decision the ALJ referenced February 24, 2017, as the protective filing date and did not apply the new regulations to the evaluation of the medical opinions. Tr. 13, 19. The Commissioner did not contest this issue. The Court, therefore, accepts February 24, 2017, as the protective filing date.

[3] Citations to the official Transcript of Record (#14) filed by the Commissioner on December 23, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

On February 20, 2019, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-22.  Plaintiff requested review by the Appeals Council.  On February 10, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On April 15, 2020, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on September 18, 1957.  Tr. 20, 154. Plaintiff was 59 years old on his amended alleged disability onset date.  Tr. 20.  Plaintiff has at least a high-school education.  Tr. 20.  Plaintiff has past relevant work experience as a maintenance-mechanic helper (Tr. 20) and rigger at a shipyard (Tr. 196).

Plaintiff alleges disability due to a back injury, vertigo, seizures, depression, chronic fatigue, major head injury from a motorcycle accident, and fracture of the right hand.  Tr. 54.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the

4 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 15-20.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as

5 - OPINION AND ORDER

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A

7 - OPINION AND ORDER

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the Grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since Plaintiff's protective filing date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative-disc disease and a history of vertigo.  Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 17.  The ALJ found Plaintiff has the RFC to perform medium work with the following limitations:  can only occasionally climb ropes, ladders and scaffolds; can only occasionally crawl; cannot be exposed to heights, hazards, or heavy equipment; can climb ramps and stairs; and can stoop, kneel, and crouch.  Tr. 17.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 20.

At Step Five the ALJ found Plaintiff can perform the job of auto-detailer that exists in the national economy.  Tr. 21.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 22.

9 - OPINION AND ORDER

**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) disregarded the opinions of Khanh Nguyen, M.D., an examining physician, and Michael Nesbit, M.D., and Neal Berner, M.D., state-agency consultants, that Plaintiff was limited in his ability to stand or to walk and (2) rejected at Step Five the testimony of the VE that Plaintiff was unable to perform the occupation of auto-detailer.

In his Motion to Remand the Commissioner concedes the ALJ erred in his evaluation of the VE's testimony, but the Commissioner contends there are outstanding issues that require further development. The Commissioner, therefore, requests the Court to remand this matter for further administrative proceedings.

**I.   The ALJ erred in his evaluation of Plaintiff's RFC when he failed to account for the medical opinions of Drs. Nguyen, Nesbit, and Berner regarding Plaintiff's limitations.**

Plaintiff contends the ALJ erred when he (1) disregarded the opinions of Drs. Nguyen, Nesbit, and Berner that Plaintiff could stand or walk for only six hours in an eight-hour workday and (2) failed to include this limitation in his assessment of Plaintiff's RFC.

The Commissioner acknowledges the ALJ did not specifically

include any limitation for standing or walking in his assessment of Plaintiff's RFC.  The Commissioner, however, contends the ALJ's reasoning for not including this limitation is unclear, and, in any event, the ALJ may have reasonably interpreted Plaintiff's limitation to medium work in his evaluation of Plaintiff's RFC as impliedly including such a limitation.  The Commissioner relies on SSR 83-10, which states:  "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday."  1983 WL 31251, at *6.  The Commissioner, therefore, requests the Court to remand the case for further proceedings to allow the ALJ to clarify his reasoning for not clearly including this limitation.

Plaintiff, however, responds SSR 83-10 does not apply here; the only occupation identified by the VE is precluded based on the limitation found by Drs. Nguyen, Nesbit, and Berner; and the ALJ failed to include that limitation in his assessment of Plaintiff's RFC.  In any event, Plaintiff has not cited any authority to support his position that SSR 83-10 does not apply to determining whether a claimant can perform medium work.

All three medical examiners concluded Plaintiff is able to perform "medium" work with a limitation of walking or standing for six hours in an eight-hour day.  Although the ALJ gave

11 - OPINION AND ORDER

"great weight" to these opinions and concluded Plaintiff is only capable of medium work, he did not specifically include a six-hour limitation for standing or walking in his assessment of Plaintiff's RFC.  Tr. 17.

The Court concludes on this record that the ALJ erred when he failed to include the limitation of six hours for standing or walking in his assessment of Plaintiff's RFC and did not provide legally sufficient reasons for doing so.

**II.  The ALJ erred at Step Five.**

As noted, the ALJ concluded in his assessment of Plaintiff's RFC that Plaintiff was limited to medium work, but the ALJ did not specifically include any limitation for standing or walking.

At the hearing on January 24, 2019, the VE identified only one occupation (auto-detailer) that Plaintiff could perform based on the ALJ's assessment of Plaintiff's RFC.  Tr. 49-50. When Plaintiff asked whether a person could perform that occupation with a limitation of six hours standing, the VE indicated such a limitation would eliminate that occupation because it required "constant standing."  Tr. 51.

In his decision the ALJ discounted the VE's testimony and stated:

12 - OPINION AND ORDER

> Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles [DOT], with one exception. I note that the vocational expert testified that the position of Auto Detailer is medium, per the DOT, but then testified that an individual limited to six hours of standing or walking would not be able to sustain employment in the position, because it required constant standing, or being on one[']s feet. I find the Dictionary of Occupational Titles, which lists medium work as requiring only six hours sitting or standing, more persuasive than the vocational expert does. . . . The vocational expert did not identify a source of support for her assertion that the position required "constant" walking or standing.

Tr. 21.

    Plaintiff contends the ALJ erred at Step Five when he relied on the DOT as limiting medium work to only six hours of standing or walking (Tr. 21) and found the VE's testimony that the medium work of auto-detailer, therefore, conflicted with the DOT. According to Plaintiff, the ALJ was incorrect because neither the DOT nor 20 C.F.R. § 416.967(c) defines medium work as limited to sitting, standing, or walking for only six hours in an eight-hour workday. Accordingly, Plaintiff contends the ALJ erroneously rejected the VE's testimony.

    The Commissioner acknowledges the VE testified the auto-detailer occupation is medium work and maintains the ALJ correctly noted medium work requires only six hours of standing or walking. The Commissioner, however, also acknowledges the

13 - OPINION AND ORDER

ALJ incorrectly cited the DOT for that proposition and points out that SSR 83-10 rather than the DOT supports the ALJ's position:  "[A] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday."  SSR 8310, 1983 WL 31251, at *6.  Under the Regulatory Sequential Evaluation the VE testimony or the Grids are the only two ways the ALJ can satisfy his burden at Step Five.  The Commissioner, therefore, contends remand is appropriate to allow the ALJ to clarify the authority and reasoning for his findings at Step Five.

Plaintiff, in turn, argues SSR 83-10 does not support the ALJ's finding because that regulation relates only to the use of the Medical-Vocational Guidelines (the Grids) to determine disability.  In any event, Plaintiff asserts VE testimony is allowed regarding the effects of Plaintiff's specific limitations; Plaintiff has more specific limitations than those described in SSR 83-10; and, therefore, SSR 83-10 is not applicable.  Plaintiff, however, does not cite any authority for his position.  Nevertheless, Plaintiff contends the VE's testimony that Plaintiff cannot perform the job of auto-detailer if he cannot stand/walk for more than six hours in an eight-hour workday does not conflict with the DOT description of the auto-

14 - OPINION AND ORDER

detailer occupation.

As noted, here the ALJ relied on the testimony of the VE, but he erroneously found the VE's testimony conflicted in part with the DOT when the VE stated an individual limited to six hours of standing or walking would not be able to perform the auto-detailer job because it required constant standing. Although the Commissioner concedes the ALJ was incorrect in his reasons, the Commissioner points out that other district courts have held an auto-detailer occupation can be performed by an individual who is limited to only six hours of standing or walking. *See, e.g., Elzig v. Berryhill*, No. 1:18-CV-00746-SKO, 2019 WL 2024853, at *3-*5 (E.D. Cal. May 8, 2019)(finding claimant could perform auto-detailer occupation even with an established medical limitation to standing and walking up to six hours per day); *Cary v. Berryhill*, No. 16CV1891-CAB(BLM), 2017 WL 3457386, at *3 (S.D. Cal. Aug. 11, 2017)(same). Although the holdings in *Elzig* and *Cary* are not binding on this Court and it is unclear whether their reasoning would apply to this case, both cases are supportive of the ALJ's conclusion that Plaintiff is able to perform the job of auto-detailer with a limitation of standing or walking for six hours.

Accordingly, the Court concludes on this record that the

ALJ erred at Step Five when he cited to the DOT to conclude the VE's testimony was incorrect.

## REMAND

### I.  Standards

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits

16 - OPINION AND ORDER

if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

17 - OPINION AND ORDER

## II. Analysis

The Court concludes on this record that there are issues for the ALJ to clarify before he can make a determination as to Plaintiff's disability:  for example, whether a limitation to "medium" work was intended to include a limitation to standing or walking for only six hours during an eight-hour workday and whether such a limitation to standing or walking is implicitly included in the ALJ's evaluation of Plaintiff's RFC.  The ALJ also is required to identify legally sufficient reasons for discounting the opinions of Drs. Nguyen, Nesbit, and Berner and for discounting the VE's testimony regarding Plaintiff's ability to perform auto-detailer work.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **GRANTS** the Commissioner's Motion (#8) to Remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for

further administrative proceedings.

    IT IS SO ORDERED.

    DATED this 19th day of July, 2021.

                                      /s/ Anna J. Brown

                               _____
                               ANNA J. BROWN
                               United States Senior District Judge